Colcock, J.
delivered the opinion of the Court.
We are constrained to differ from the presiding Judge in this case. The record of the recovery in the former suit between these parties is conclusive of the defendant’s rights. It is true, that to make the record evidence on a particular point, it must appear that that point was in issue; but the former action was to try the title to the identical spot of land, on which the defendant has again trespassed, and the plaintiffs were put into possession of it by a writ of habere facias possessionem. The defendant had, at that time, the very title on which he now relies, at least his conveyance bears date long anterior; and whether the former suit depended on the extent of the lines, or the title itself, is wholly immaterial. If one, having a dozen different titles, could set them up in succession in this way, a plaintiff might be kept in Court all his life. The defendant was a stranger to the plaintiffs; they had a right to sue him, and he was bound to defend himself. If he had a title, by which he could claim to be a co-tenant with the plaintiffs, he should have produced it. As to the possession ; after the plaintiffs bad been put in by the writ of possession, the defendant was clearly put out, in law, and no defence can be set up to the action, on the alleged fact, that the crop had been planted by him. If diere be any thing in such a defence, it can only avail in mitigation *535 of damages.* The nonsuit must be set aside, and a new trial is awarded. . "
Johnson, J. and Evans, J. concurred-
Motion granted.

 videide 3 Bailey, 104, on this point. S. C.